OSCN Found Document:IN RE REVISION OF PORTION OF THE RULES OF THE COURT OF CRIMINAL APPEALS

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 IN RE REVISION OF PORTION OF THE RULES OF THE COURT OF CRIMINAL APPEALS
2023 OK CR 16
Case Number: CCAD-2023-1
Decided: 11/07/2023
IN RE REVISION OF PORTION OF THE RULES OF THE COURT OF CRIMINAL APPEALS

Cite as: 2023 OK CR 16, __ __

 

ORDER ADOPTING NEW PROCEDURAL RULES AND 
REVISING AND REPUBLISHING PORTIONS OF THE RULES 
OF THE COURT OF CRIMINAL APPEALS

We find that new Rules should be adopted and certain existing Rules and Forms revised to provide the procedure for appeals taken pursuant to Sections 1051(D) and 1053(7) of Title 22 of the Oklahoma Statutes. We find that revision of the Rules for the Oklahoma Court of Criminal Appeals by amending Rules 1.2, 1.4, 2.1, 3.1, 6.1, 7.2, 7.3, 7.4, and 7.5; amending Form 13.4; and the creation of new Rules 16.1, 16.2, 16.3, and 16.4 is necessary. Pursuant to the provisions of Section 1051(b) of Title 22 of the Oklahoma Statutes, we hereby revise, adopt, promulgate, and republish portions of the Rules of the Oklahoma Court of Criminal Appeals, 22 O.S., Ch.18, App. (2023), as set forth as follows (strikethrough denotes deleted words, underline denotes added words):

SECTION I. GENERAL RULES OF THE COURT AND DEFINITIONS

Rule 1.2 Methods for Bringing Appeals and Original Actions. 

A. Regular Appeals.

(1) Felony and Misdemeanor Appeals. Sections II, and III of these Rules. Appeals from Municipal Courts of Record, Section 28-128 of Title 11 and Capital Cases, Section 701.13 of Title 21, are included within this class of appeals. PROVIDED HOWEVER, the specific provisions of Sections VII and IX shall control in Juvenile and capital cases, respectively, over the general provisions of Sections II and III.

(2) Certiorari Appeals. Section IV of these Rules.

(3) State or Municipality Appeals.

(a) Appeals from Adverse Ruling of Magistrate. See Sections VI and XI of these Rules; Sections 1053, 1089.1 through 1089.7 of Title 22.

(b) Appeals in Juvenile and Youthful Offender Cases. See Sections VII and XI of these Rules.

(c) Other State appeals. See Sections II and III of these Rules; Sections 1053 and 1053.1 of Title 22.

a. Appeals pursuant to Sections 1053(1) through 1053(6) and 1053.1 of Title 22. See Sections II and III of these Rules.

b. Appeals pursuant to Section 1053(7) of Title 22. See Section XVI. 

(4) Juvenile and Youthful Offender Appeals. Sections VII and XI of these Rules.

(5) Resentencing Appeals. Sections II and III of these Rules for appeals pursuant to Section 929 of Title 22. Sections II, III and IX for appeals pursuant to Sections 701.10a and 701.13 of Title 21.

(6) Expungement of Records. (22 O.S.Supp.2002 § 19(C)(F), placed jurisdiction for appeals of expungement orders in the Oklahoma Supreme Court).

(7) Stand Your Ground Appeals. Section XVI of these Rules for appeals pursuant to Sections 1051(D) and 1053(7) of Title 22.

B. Subsection B remains unchanged.

C. Subsection C remains unchanged.

D. Subsection D remains unchanged.

Rule 1.4 Computation of Time for Appeal

The computation of the time period for perfecting an appeal commences to run on the date the Judgment and Sentence is pronounced or, in the case of a resentencing appeal, when the new sentence is pronounced in open court. In computing a time limit prescribed in these Rules, the first day shall be excluded and the last included to complete the time period, as follows:

A. Subsection A remains unchanged.

B. Subsection B remains unchanged.

C. Other Regular Appeals

(1) State appeals, except for juvenile cases and Stand Your Ground appeals, must be perfected within the time limits as set out in SubdivisionSubsection A, commencing from the date of the order entered by the trial court order being appealed is pronounced in open court or filed in the office of the district court clerk, whichever date is earlier.

(2) Resentencing appeals must be perfected as set out in Subdivision Subsection A for misdemeanor and felony appeals, and Subdivision Subsection B for capital appeals.

(3) Certiorari appeals must be perfected as set out in Section IV.

(4) Juvenile appeals must be perfected as set out in Sections VII and XI.

(5) Stand Your Ground appeals must be perfected as set out in Section XVI.

SECTION II. INITIATING AN APPEAL FROM THE TRIAL COURT

Rule 2.1 Initiating an Appeal (Motion for New Trial, Commencement of Appeal, Filing of Appeal Records, Appeals by the State, Appeals Out of Time, Stand Your Ground Appeals)

A. Subsection A remains unchanged.

B. Subsection B remains unchanged.

C. Filing of Appeal Records. The records for appeal in all misdemeanor and felony cases, including the petition in error, must be filed with the Clerk of this Court within ninety (90) days from the date the Judgment and Sentence is imposed. See Section 1054 of Title 22. See Rule 7.3(C) for time requirements in juvenile cases, and Rule 9.2(B) for time requirements in capital cases, and Rule 16.4(B) for time requirements in Stand Your Ground appeals. Excluding the Notice of Intent to Appeal and the Designation of Record, which must be filed by trial counsel within ten (10) days after Judgment and Sentence is imposed, appellate counsel is responsible to ensure all records necessary to complete the appeal are filed. Where the transcript cannot be completed and filed within the time provided for filing appeals, the appellant must file his petition in error within ninety (90) days from the date the Judgment and Sentence is imposed and then proceed in accordance with Rule 3.2(C)(2).

D. Appeals by the State. The In appeals pursuant to 22 O.S. § 1053, the State must give notice in open court of the intent to appeal, and must state the specific authority under which the appeal will be taken in the written notice which must be filed in the trial court within ten (10) days of the District Court's order sought to be appealed. See Rule 1.2(A)(3)(c). The prosecutor shall also file with the trial court clerk a written notice of intent to appeal, which must state the specific authority under which the appeal will be taken, and a designation of record as prescribed in Rule 1.14(C) within ten (10) days from the date the Judgment and Sentence is imposed or the order being appealed is entered the order being appealed is pronounced in open court or filed in the office of the district court clerk, whichever date is earlier. The filing of the notice Notice of Intent to Appeal and Designation of Record in the District Court is jurisdictional and failure to timely file constitutes waiver of the right to appeal. A certified copy of the Notice of Intent to Appeal and Designation of Record shall also be filed by the prosecutor with the Clerk of this Court within ten (10) days from the date the Notice is filed in the Trial District Court. See Rule 2.5 and Form 13.4.

E. Subsection E remains unchanged.

F. Stand Your Ground Appeals. An appeal by either party from a pretrial order granting or denying immunity from prosecution pursuant to Section 1289.25(F) of Title 21 is commenced by trial counsel filing a written Notice of Intent to Appeal and Designation of Record as prescribed in Rule 1.14(C) with the district court clerk within ten (10) days from date the ruling is pronounced in open court or, if the ruling is not pronounced in open court, the date the written order is filed with the clerk of the district court. See Section 1051(D) and 1053(7) of Title 22. The filing of the Notice of Intent to Appeal and Designation of Record in the district court is jurisdictional and failure to timely file constitutes waiver of the right to appeal. A certified copy of the Notice of Intent to Appeal and Designation of Record shall also be filed by trial counsel with the Clerk of this Court within ten (10) days from the date the Notice is filed in the district court. See Rule 2.5 and Form 13.4.

SECTION III. PERFECTING AN APPEAL IN THE COURT OF CRIMINAL APPEALS

Rule 3.1 Contents of Petition in Error; Filing

A. Subsection A remains unchanged.

B. Subsection B remains unchanged.

C. Filing of Petition in Error. The petition in error shall be filed with the Clerk of this Court within ninety (90) days of the date Judgment and Sentence is imposed or the order being appealed is entered in misdemeanor and regular felony appeals, sixty (60) days in juvenile cases and Stand Your Ground appeals (See Rules 7.3, 16.4), and six (6) months in capital cases (See Rule 9.2(B)). This time limit is measured from the date the Judgment and Sentence is imposed; or the order being appealed is pronounced in open court or filed in the office of the district court clerk, whichever date is earlier. The Clerk of this Court shall affix the original of the petition in error to the records for appeal when they are filed. The filing of the petition in error is jurisdictional and failure to timely file constitutes waiver of right to appeal.

D. Subsection D remains unchanged.

SECTION VI. APPEAL BY STATE FROM ADVERSE RULING OF MAGISTRATE

Rule 6.1 Commencement of Appeal

A. An appeal may be taken from a magistrate's adverse ruling to the State in accordance with the provisions of Sections 1089.1 through 1089.7 of Title 22 and Section XI. At the conclusion of the appeal, the reviewing judge shall enter an order containing findings of fact and conclusions of law supporting the ruling. See Sections 1089.5 and 1089.6 of Title 22.

B. In the event the reviewing judge reverses the magistrate's order of dismissal, that order constitutes an interlocutory order which may only be raised in a regular appeal, in the event of a conviction. In the event the reviewing judge affirms the magistrate's order dismissing the charges, that order constitutes a final appealable order by the State.

C. Subsection C remains unchanged.

D. Time for Lodging State Appeal

(1) The State must file notice of intent to appeal and designation of record with the trial court clerk within five (5) days from date the reviewing judge's ruling is pronounced in open court or filed in the office of the court clerk, whichever date is earlier. The filing of the Notice of Intent to Appeal in the District Court is jurisdictional and failure to timely file constitutes waiver of the right to appeal. The Notice of Intent to Appeal, together with a certified copy of the reviewing judge's order, shall also be filed by the trial counsel seeking the appeal with the Clerk of this Court within ten (10) days from the date the Notice is filed in the trial court. See 22 O.S.2001 § 1089.2; Rule 2.5; and Form 13.4.

(2) See The State must file its petition in error as required by Rule 3.1(C).

(3) See Rule 1.4 for time requirements and Section XI for procedure.

SECTION VII. PROCEDURE FOR APPEALING FROM AN 
ORDER ADJUDICATING A JUVENILE TO BE DELINQUENT; 
FROM A FINAL ORDER CERTIFYING OR DENYING
CERTIFICATION OF A JUVENILE TO STAND TRIAL AS AN 
ADULT; OR FROM A FINAL ORDER GRANTING OR 
DENYING REVERSE CERTIFICATION; OR SENTENCING
UNDER THE YOUTHFUL OFFENDER ACT

Rule 7.2 Notice of Intent to Appeal

Any party appealing an order or decree enumerated in Rule 7.1 SHALL file with the clerk of the trial court a notice of intent to appeal and a designation of record as set forth in Form 13.4 within ten (10) days from the date of the trial court order being appealed is pronounced in open court or filed in the office of the district court clerk, whichever date is earlier. See Rule 2.5. The filing of the Notice of Intent to Appeal and Designation of Record in the District Court is jurisdictional and failure to timely file constitutes waiver of the right to appeal. A certified copy of the Notice of Intent to Appeal and Designation of Record shall also be filed by trial counsel with the Clerk of this Court within ten (10) days from the date the Notice is filed in the trial court. This Court shall issue a scheduling order in accordance with the time requirements set out in Rule 7.3 setting the date for oral argument and due dates for the record on appeal together with the application and response due date. This scheduling order will be strictly enforced to ensure timely resolution of all issues arising from appeals from juvenile and youthful offender proceedings.

Rule 7.3 Time for Perfecting Appeal; Extension Request; Record of Proceedings

A. Perfecting an Appeal. In order to perfect an appeal from any juvenile or youthful offender proceeding, the petition in error, certified copy of original record, transcript of proceedings and brief shall be filed with the Clerk of this Court within sixty (60) days from the date the trial court enters a final order adjudicating a juvenile as delinquent, or certifying or denying certification of a juvenile to stand trial as an adult, or sentencing under the provisions of the Youthful Offender Act being appealed is pronounced in open court or filed in the office of the district court clerk, whichever date is earlier.

B. Subsection B remains unchanged.

C. Preparation of Record and Transcripts. To ensure the appeal is perfected within sixty (60) days, the record and transcripts shall be completed and filed with the District Court district court clerk, and immediately transmitted to the Clerk of the Court of Criminal Appeals and appellate counsel within forty (40) days of the entry of date the trial court's order being appealed is pronounced in open court or filed in the office of the district court clerk, whichever date is earlier. If the record is not complete withing forty (40) days of the trial court's order, a Notice of Non-Completion of Record shall be sent to the Clerk of the Court of Criminal Appeals, explaining the cause of the delay. A show cause hearing in this Court may be scheduled.

Rule 7.4 Duties of Court Clerk

After notice of intent to appeal and designation of record are filed, the court clerk of the District Court shall prepare three (3) certified copies of all pleadings and instruments filed in the proceedings for transmittal within forty (40) days from the date of the order being appealed is pronounced in open court or filed in the office of the district court clerk, whichever date is earlier, in the same manner provided for the preparation of a regular appeal and as set forth in Rules 2.2, 2.3, and 2.4. However, the dates established in the scheduling order shall control. The original transcript and one (1) certified copy of the record designated shall be filed with the Clerk of this Court; one (1) certified copy of the record and transcript shall be provided to the district attorney; and one (1) certified copy of the record and transcript to either the Oklahoma Indigent Defense System, pursuant to Section 1362 of Title 22, or the retained or other appointed counsel of record on appeal.

Rule 7.5 Petition in Error; Time for Filing; Contents; Brief

A. Petition in Error. A petition in error shall be filed within sixty (60) days from the date of the order of the District Court being appealed is pronounced in open court or filed in the office of the district court clerk, whichever date is earlier, in order to invoke the jurisdiction of this Court.

B. Subsection B remains unchanged.

C. Subsection C remains unchanged.

D. Subsection D remains unchanged.

E. Subsection E remains unchanged.

SECTION XVI. APPEAL FROM ORDER GRANTING OR 
DENYING A PRETRIAL MOTION SEEKING IMMUNITY 
FROM PROSECUTION PURSUANT TO SECTION 1289.25(F) OF 
TITLE 21 OF THE OKLAHOMA STATUTES

Rule 16.1 Purpose of Procedures

These procedures are provided to establish the manner of appealing in all cases from a pretrial order granting or denying immunity from prosecution pursuant to Section 1289.25(F) of Title 21 of the Oklahoma Statutes, notwithstanding any other Rule of this Court which might otherwise apply. See 22 O.S. §§ 1051(D), 1053(7).

Rule 16.2 Proceedings Before the District Court

In a felony case, any pretrial motion seeking immunity from prosecution pursuant to 21 O.S. § 1289.25 shall be filed at least ten (10) days prior to the date the preliminary hearing is held. If a hearing on such motion is held in conjunction with the preliminary hearing, the termination provisions of 22 O.S. § 258(Sixth) shall not apply. In a misdemeanor case, any such motion shall be heard by the trial judge.

Rule 16.3 Notice of Intent to Appeal; Stay

Any party appealing an order granting or denying immunity from prosecution pursuant to Section 1289.25(F) must announce in open court its intent to appeal. An order staying proceedings shall be entered pending the outcome of the appeal. See 22 O.S. §§ 1051(D), 1053. An appeal by either party from a pretrial order granting or denying immunity from prosecution is commenced by trial counsel filing a written Notice of Intent to Appeal and Designation of Record with the district court clerk within ten (10) days from date the order being appealed is pronounced in open court or filed with the district court clerk, whichever date is earlier. See Rule 2.5 and Form 13.4. The filing of the Notice of Intent to Appeal and Designation of Record in the district court is jurisdictional and failure to timely file constitutes waiver of the right to appeal. A certified copy of the Notice of Intent to Appeal and Designation of Record shall also be filed by trial counsel with the Clerk of this Court within ten (10) days from the date the Notice is filed in the district court.

Rule 16.4 Perfecting an Appeal

A. Petition in Error; Briefs; Record. Except for the specific time requirements of this Rule, the petition in error, briefs, and original record shall be filed in accordance with Sections II and III of these Rules.

B. Time Requirements.

(1) Petition in Error. In order to perfect an appeal from an order granting or denying immunity from prosecution, the petition in error must be filed with the Clerk of this Court within sixty (60) days from the date the order being appealed is pronounced in open court or filed with the district court clerk, whichever date is earlier. The filing of the petition in error is jurisdictional and failure to timely file constitutes waiver of right to appeal. See Rule 3.1.

(2) Record on Appeal. The district court clerk shall promptly assemble the record in accordance with Rule 2.2 and ensure the Notice of Completion of Record is filed with this Court within thirty (30) days of the filing of the Notice of Intent to Appeal and Designation of Record in the district court, unless an extension is requested by the district court clerk and granted by this Court.

(3) Briefs. Unless otherwise ordered by this Court, the appellant's brief must be filed within thirty (30) days from the date the notice to transmit record on appeal is filed by the Clerk of this Court, and the appellee shall file an answer brief within thirty (30) days from the date the appellant's brief is filed with the Clerk of this Court. A reply brief may be filed within fifteen (15) days of the answer brief.

SECTION XIII. FORMS

Form 13.4 Notice of Intent to Appeal

IN THE DISTRICT COURT OF ________________ COUNTY
STATE OF OKLAHOMA

 
 
 
 THE STATE OF OKLAHOMA,

 Plaintiff,

 v.

 
 ___________________________________,
  

 Defendant.
 
 
   ) 
  )
  )
  )
  )
  )
  )
  )
  )
  )
  )
  )
 
 
 APPEAL CASE NO. ___________________
 DISTRICT COURT CASE NO. ___________
 
 TYPE OF APPEAL
 ( ) Direct Felony Appeal
 ( ) Direct Misdemeanor Appeal
 ( ) Certiorari
 ( ) Revocation/Acceleration
 ( ) Termination From Drug Court
 ( ) State Appeal - 1089.1 - 1089.7
 ( ) State Appeal -- 1053(1)--(6)/1053.1
 ( ) Stand Your Ground Appeal -- 1051(D)/1053(7)
 ( ) Juvenile - Adjudication
 ( ) Juvenile - (Certification)
 ( ) Juvenile - (Reverse Certification)
 ( ) Youthful Offender - (Sentencing as Adult)
 ( ) Youthful Offender - Bridge to DOC
 ( ) Other (specify) _____________________
 ( ) CAPITAL
 ( ) NON-CAPITAL
 
 
 

 

 

NOTICE OF INTENT TO APPEAL; 
ORDER DETERMINING INDIGENCY, APPELLATE COUNSEL, 
PREPARATION OF APPEAL RECORD, AND GRANTING TRIAL COUNSEL'S 
MOTION TO WITHDRAW; COURT REPORTER'S ACKNOWLEDGEMENT; AND 
NOTIFICATION OF APPROPRIATE APPELLATE COUNSEL, IF APPOINTED

I. Part I remains unchanged.

II. Part II remains unchanged.

III. Part III remains unchanged.

IV. Part IV remains unchanged.

V. Part V remains unchanged.

IT IS THEREFORE ORDERED ADJUDGED AND DECREED that these revisions shall become effective on the date of this order.

IT IS SO ORDERED.

WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 7th day of November, 2023.

/S/SCOTT ROWLAND, Presiding Judge

/S/ROBERT L. HUDSON, Vice Presiding Judge

/S/GARY L. LUMPKIN, Judge

/S/DAVID B. LEWIS, Judge

/S/WILLIAM J. MUSSEMAN, Judge

 

ATTEST:

/s/John D Hadden

Clerk

 

 

 

 

 

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 Title 22. Criminal Procedure

 
Cite
Name
Level

 
22 O.S. Rule 1.2, 
Methods For Bringing Appeals and Original Actions
Cited

 
22 O.S. Rule 1.4, 
Computation of Time for Appeal
Cited

 
22 O.S. Rule 2.1, 
Initiating an Appeal (Motion for New Trial, Commencement of Appeal, Filing of Appeal Records, Appeals by the State, Appeals Out of Time)
Cited

 
22 O.S. Rule 6.1, 
Commencement of Appeal
Cited

 
22 O.S. Rule 7.2, 
Notice of Intent to Appeal
Cited

 
22 O.S. Rule 7.3, 
Time for Perfecting Appeal; Extension Request; Record of Proceedings
Cited

 
22 O.S. Rule 7.4, 
Duties of Court Clerk
Cited

 
22 O.S. Rule 7.5, 
Petition in Error; Time for Filing; Contents; Brief
Cited

 
22 O.S. Form 13.4, 
Notice of Intent to Appeal
Cited

 
22 O.S. Rule 16.1, 
Purpose of Procedures
Cited

 
22 O.S. Rule 16.2, 
Proceedings Before the District Court
Cited

 
22 O.S. Rule 16.3, 
Notice of Intent to Appeal; Stay
Cited

 
22 O.S. Rule 16.4, 
Perfecting an Appeal
Cited

 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA